## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ALDERMAN CALDERON LIMA** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO. JKB-21-0875** |
| **ALEX RAMON PEREZ** | * | |
| **Defendant** | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

### MEMORANDUM AND ORDER

In this action, Plaintiff Alderman Calderon Lima claims that Defendant Alex Ramon Perez is liable for serious injuries that Plaintiff incurred as a result of a traffic accident caused by Defendant's negligent driving.  (*See* Compl., ECF No. 1.)  For the reasons set forth below, the Court determines that Plaintiff's Complaint does not adequately plead the basis for this Court's subject matter jurisdiction, and accordingly, this case will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

Although Defendant has not challenged the Court's jurisdiction (or even responded to Plaintiff's Complaint), this Court "has an independent obligation to assess its subject-matter jurisdiction, and it will 'raise a lack of subject-matter jurisdiction on its own motion.'" *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)); *see also Thomas v. Bd. of Trs. of the Ohio State Univ.*, 195 U.S. 207, 211 (1904) ("It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked

by the court, even if the parties fail to call attention to the defect, or consent that it may be waived."). Further, "when jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980) (quoting 2A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 8.10 at 1662); *see also Muscle Shoals Assocs., Ltd. v. MHF Ins. Agency, Inc.*, 792 F. Supp. 1224, 1227 (N.D. Ala. 1992) (finding that "Mother Hubbard" allegations of citizenship are insufficient to establish diversity jurisdiction). If at any time a court determines that it does not have subject matter jurisdiction over a dispute, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In his Complaint, Plaintiff pleads that this Court has diversity jurisdiction over the instant matter. (Compl. ¶ 1.) The federal diversity jurisdiction statute provides that district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). With certain exceptions, diversity jurisdiction "requires complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

Here, Plaintiff merely states that "there is complete diversity of citizenship," without affirmatively alleging Defendant's (or even Plaintiff's) citizenship. Accordingly, this action must be dismissed pursuant to Rule 12(h)(3) for Plaintiff's failure to allege facts establishing the basis for this Court's subject matter jurisdiction. *See Toms*, 610 F.2d at 316.

Accordingly, it is hereby ORDERED:

1. Plaintiff's Complaint is DISMISSED without prejudice; and

2. The Clerk is DIRECTED to CLOSE this case.

2

DATED this _____ day of July, 2021.

BY THE COURT:

James K. Bredar
Chief Judge

3